UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRENCH BROWN,

        Plaintiff,             CASE NUMBER: 12-10826
                                           HONORABLE VICTORIA A. ROBERTS

v.

J.P. MORGAN CHASE BANK, NATALIE YAW,
and DANIEL D. QUICK

        Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
### AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

On February 23, 2012, Plaintiff French Brown filed a Complaint against Defendants J.P. Morgan Chase Bank ("Chase Bank"), Natalie Yew and Daniel Quick. Yew and Quick were Chase Bank's counsel in a state court action Brown filed against the bank alleging it improperly managed his funds while he traveled abroad, which caused him to "change plans" and "cancel events due to a lack of money," and "forced [him] to budget funds and abandon [his] normal diet of seafood and fruit." (Doc. # 9-3; Ex. 2, Brown's 2010 Wayne County Circuit Court Complaint).

Plaintiff alleges Defendants committed perjury in the state court action, resulting in the denial of his request for entry of default judgment against the bank. (Doc. # 1). He says the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, arguing that Defendants' perjury violated the United States Constitution (as well as federal and state criminal statutes) and that the proceedings which followed -- culminating in the granting of Chase Bank's motion to dismiss -- violated his due

process rights. He seeks $150,000.00, which he requested in his state court complaint, as well as $1.5 million dollars in damages resulting from the Defendants' alleged constitutional violations.

On March 26, 2012, Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) *and* failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. # 9). Defendants say Plaintiff's 18 U.S.C. § 1621 claim should be dismissed for failure to state a claim upon which relief can be granted because the federal criminal statute does not create a private civil cause of action. Defendants also say, Plaintiff's state law perjury claims (M.C.L. 750.423, 425, and 426) should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted because federal district courts only have jurisdiction over laws of the United States in criminal matters, the statutes do not create a private cause of action, and Michigan courts are clear that the state does not recognize a civil cause of action for perjury. Finally, Defendants argue Plaintiff's Fourteenth and Sixth Amendment claims must be dismissed for lack of subject matter jurisdiction and failure to state a claim because those amendments are inapplicable to the facts alleged.

On April 2, 2012, Plaintiff responded (Doc. # 11) and on April 5, 2012, Defendants replied. (Doc. # 12). On April 10, 2012, Plaintiff filed a document entitled "Subject Matter Jurisdiction and Relief," (Doc. # 14), basically reasserting his view that the Court has federal question jurisdiction.

It is important for the Court to determine, first and foremost, whether it has subject matter jurisdiction over Plaintiff's claims. If not, it cannot consider Defendants'

Rule 12(b)(6) arguments, which would require it to reach the merits of Plaintiff's action, and it must dismiss the Complaint without prejudice. *See Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005))). Subject matter jurisdiction can never be waived; it involves a court's power to hear a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

"The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by the court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Id.* at 506. If the court concludes it lacks subject matter jurisdiction the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Plaintiff has the burden to show that this Court has jurisdiction over his case. *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (the burden to show jurisdiction rests with the party asserting it).

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." However, Plaintiff's cause of action does not arise under federal law, the Constitution, or treaties of the United States, and his right to relief does not depend on the resolution of a substantial question of federal law. *See Thornton v. Southwest Detroit Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) ("Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting *Franchise Tax*

3

*Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983))).

First, Plaintiff says Defendants violated his Sixth and Fourteenth Amendment rights and a federal criminal statute (18 U.S.C. § 1621) when Defendants committed perjury during his state court action against Chase Bank. However, "[m]erely referring to a federal statute [or U.S. Constitutional Amendment] does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law." *Am. Fed'n of Television and Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999).

"One cannot confer jurisdiction on a federal court by making a claim of federal right which is clearly without substance." *State Auto. Ins. Ass'n v. Parry*, 123 F.2d 243, 246 (8th Cir. 1941); *see also Arbaugh*, 546 U.S. at 513 n. 10 ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (citation and quotation marks omitted)); *Gardner v. Schaffer*, 120 F.2d 840, 842 (8th Cir. 1941) (per curiam) ("A genuine and present controversy, not merely a possible or conjectural one, must exist with reference [to the Constitution or laws of the United States]" for federal question jurisdiction to exist); *Fanuzzi v. Bank of the Rockies N.A.*, No. CV 11-63-BLG-CSO, 2011 WL 5288883, at *4 (D. Mont. Nov. 2, 2011) ("Merely making reference to a federal statute or to the Constitution, without more, is insufficient to demonstrate a colorable claim 'arising under' the Constitution.").

18 U.S.C. § 1621 does not confer jurisdiction on this Court; it is a criminal perjury statute, "inapposite to this civil action.*" Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x

112, 118 n. 5 (6th Cir. 2003). Additionally, Plaintiff's Complaint clearly does not allege viable Sixth and Fourteenth Amendment claims. Plaintiff is not suing for the denial of a speedy trial in a criminal prosecution under the Sixth Amendment, nor does he allege that *the state* denied him due process of law under the Fourteenth Amendment. *See* U.S. Const. amends. VI and XIV. These claims are "obviously without any reasonable foundation," *Parry*, 123 F.2d at 246, and "wholly insubstantial and frivolous," *Arbaugh*, 546 U.S. at 513 n. 10; the Court lacks subject matter jurisdiction over them.

Plaintiff's claims arising under the Michigan Penal Code do not allege violations of laws of the United States and the court cannot exercise supplemental jurisdiction over them. Putting aside the question of whether Plaintiff can bring a private cause of action alleging a violation of criminal statutes, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514. This is in contrast to a dismissal for failure to state a federal claim, where the court generally retains discretion to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. *Id.*

To the extent Plaintiff challenges the state court orders denying his motion for default judgment and granting Chase Bank's motion to dismiss as a violation of his federal due process rights, this action is barred by the *Rooker-Feldman* doctrine. Under this doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Supreme Court's appellate jurisdiction over state court

5

judgments under 28 U.S.C. § 1257 precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under § 1331. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

From what the Court can make of Plaintiff's Complaint, it appears one challenge is to the constitutionality of the state court orders denying Plaintiff's default judgment motion and granting Defendant's motion to dismiss. Plaintiff seems to allege he brought the purported perjury to the state court's attention, but the state court rejected this claim when it denied his motion for default judgment and ultimately dismissed the case against the bank. (*See* Doc. # 1 at ¶ 68) ("The bench failed in its fiduciary duty to acknowledge and recognize the defendant's transgressions and adjudicate the trial fairly."). Thus, he is suing in this Court on the ground that the state court judgment itself violates his federal due process rights. This challenge is precluded by *Rooker-Feldman*; Plaintiff complains of an injury caused by state court orders rendered before this proceeding commenced and invites this Court to reject those judgments. *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006); *see also Lawrence v. Welch*, 531 F.3d 364 (6th Cir. 2009) (explaining that where the "source of the injury" is a state court judgment, *Rooker-Feldman* applies).

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**. Because the Court lacks jurisdiction, Plaintiff's request for summary judgment (Doc. # 13, "Petition Seeking Concurrence") is **MOOT**. The hearing set for May 24, 2012, before Magistrate Judge Randon is **CANCELED.**

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

        s/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: April 30, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and French Brown by electronic means or U.S. Mail on April 30, 2012.

s/Carol A. Pinegar
Deputy Clerk

---